UNITED STATES, Appellee

v

OTIS L. HAMILTON, Specialist Five, U. S. Army, Appellant

22 USCMA 209, 46 CMR 209

No. 26,134

March 30, 1973

Captain Barry K. Duwe argued the cause for Appellant, Accused. With him on the brief was Colonel Arnold I. Melnick.

Captain Gordon F. Bailey, Jr., argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Merle F. Wilberding, and Captain Richard L. Menson.

DARDEN, Chief Judge:

■ This case involves the same search as United States v Carson, 22 USCMA 203, 46 CMR 203 (1973). For the reasons set forth in our opinion in that case, we hold it prejudicial error for the military judge to have admitted the marihuana discovered in the accused's possession in evidence.

A further issue in this case inquires whether the receipt in evidence of the accused's confession was also error. The confession was obtained by Agent Richard W. Falardeau, Criminal Investigations Division, 3 hours after the search disclosed that the accused and Carson were in possession of the marihuana.

Agent Falardeau preceded his interrogation of the accused with a proper warning of his rights. He specifically questioned him "in reference to the possession of marihuana" and the accused initially replied "that it looks like I've been caught anyway so I'll answer your questions." The accused then confessed to his part ownership of the marihuana and identified the person from whom he obtained it.

■ ■ From the foregoing, we conclude that the accused's statement resulted from the Government's exploitation of the prior search of the accused's baggage. United States v Troy, 22 USCMA 195, 46 CMR 195 (1973); United States v Bennett, 7 USCMA 97, 21 CMR 223 (1956). As we stated in *Troy*, the Government "must make a strong showing that the presumptive influence of its earlier acts held to be improper has been dispelled in order to make a later statement admissible in evidence." 22 USCMA at 198, 46 CMR at 198. See also United States v Powell, 13 USCMA 364, 32 CMR 364 (1962). In the present case, only 3 hours elapsed before Agent Falardeau began to interrogate the accused about his possession of the marihuana that the search disclosed. And as the accused himself stated, he answered questions because "I've been caught anyway." The statement was clearly the product of the preceding search and was inadmissible in evidence.

The decision of the Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered on the Additional Charge and the sentence.

Judge DUNCAN concurs.

QUINN, Judge (dissenting):

Since in my view what was done in this case in regard to the search was lawful, there was no taint in the subsequent interrogation proceedings which led to the accused's confession. See my dissent in United States v Carson, 22 USCMA 203, 46 CMR 203 (1973). I would, therefore, affirm the decision of the Court of Military Review.